# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JUAN YANEZ,

Plaintiff,

v. Case No.: 6:26-cv-01334-JSS-LHP

MARUTI TRANSPORTATION GROUP, INC.,

Defendant.

---

## ORDER

Before the Court is Defendant Maruti Transportation Group, Inc.'s Unopposed Renewed Motion to Vacate Clerk's Default and Incorporated Memorandum of Law. Doc. No. 18. On review, the motion is due to be granted.

On June 17, 2026, Plaintiff Juan Yanez instituted this action by filing a complaint alleging several claims under the Fair Labor Standards Act, 29 USC § 201, *et seq.*. Doc. No. 1. According to the returns of service, Plaintiff effectuated service of process on Defendant on June 29, 2026. Doc. Nos. 7, 8. But Defendant did not respond to the complaint or otherwise appear in this case and, on August 5, 2026, Clerk's default was entered against Defendant. Doc. No. 11; *see also* Doc. Nos. 9-10. Plaintiff moved for final default judgment against Defendant on October 15, 2026, which motion remains pending before the undersigned. Doc. No. 14.

On October 29, 2026, Defendant filed the above-styled Renewed[1] Motion to Vacate Clerk's Default and Incorporated Memorandum of Law. Doc. No. 18. To the motion, Defendant attaches its proposed Answer and Affirmative Defenses. Doc. No. 18-1. In the motion, Defendant does not dispute service, but states that its failure to respond was neither willful nor intended to intentionally disrespect the judicial process. Doc. No. 18 ¶ 6. Instead, Defendant failed to respond because Defendant and Plaintiff were actively engaged in settlement negotiations, and Defendant did not understand that these negotiations did not toll its time to respond. *Id.* Defendant further states that Plaintiff will not be unfairly prejudiced, as this case was in its infancy when Clerk's default was entered, states that it has meritorious defenses, and filed the present motion one day after retaining counsel. *Id.* ¶¶ 3, 5, 7.

Upon consideration, and given the lack of opposition, the Court finds Defendant's motion (Doc. No. 18) well-taken and that there is good cause to vacate the default. *See* Fed. R. Civ. P. 55(c); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338-39, 1342 (11th Cir. 2014); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Wilcox v. TMCFM, Inc.*, No.

---

[1] On October 22, 2026, Defendant filed a *pro se* motion to set aside clerk's default (Doc. No. 16), which was stricken because corporate entities may appear through counsel only. Doc. No. 17; *see also* Local Rule 2.02(b)(2); *SEC v. Merchant Capital, LLC*, 486 F. App'x 93, 94 n.1 (11th Cir. 2012) (unpublished opinions of the Eleventh Circuit are cited as persuasive authority).

2:22-cv-349-JLB-KCD, 2023 WL 6376384, at *4 (M.D. Fla. Sept. 29, 2023). Accordingly, Defendant's Unopposed Renewed Motion to Vacate Clerk's Default (Doc. No. 18) is **GRANTED**, and the Clerk of Court is **DIRECTED** to **VACATE** the Clerk's Default (Doc. No. 11). Within **seven (7) days** of the date of this Order, Defendant shall file as a separate docket entry its proposed Answer and Affirmative Defenses (Doc. No. 18-1). The parties are reminded that there are several case management deadlines set forth in the Initial Case Order. Doc. No. 4.

In light of the foregoing, Plaintiff's Motion for Default Judgment Against Defendant (Doc. No. 14) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties